IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


MARK J. HOWARTH, #X76256
    Plaintiff,

vs.                                                 Case No.:  5:12cv126/MMP/EMT

KENNETH S. TUCKER, et al.,
    Defendants.
_____/

**ORDER, REPORT AND RECOMMENDATION**

       Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on April 30, 2012 (*see* doc. 1 at 1, 25).[1]  Plaintiff has also filed a motion to proceed in forma pauperis (doc. 2).

       Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The court may take judicial notice of cases previously filed by Plaintiff. Plaintiff has had two cases dismissed in the Middle District of Florida because of Plaintiff's status as a three-striker, *see* 6:11cv600-Orl-18KRS, 6:11cv622Orl-35KRS,  and  each of those cases listed five cases that had been dismissed in the Middle District of Florida as frivolous, malicious or for

---

[1] *See* Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

failure to state a claim.  *See* 6:11cv544-Orl-28GJK (frivolous); 6:11cv545-19GJK (frivolous); 6:11cv551-Orl-28DAB (failure to state a claim); 6:11cv552-Orl-19GJK (frivolous); and 6:11cv553-Orl-31GJK (frivolous).

A prisoner such as Plaintiff who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).  The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury."  28 U.S.C. §1915; Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

Plaintiff names three Defendants in the instant complaint: Florida Department of Corrections ("DOC") Secretary Kenneth Tucker, Apalachee Correctional Institution ("ACI") Warden Culpepper, and Dr. J. Alvarez, Chief Health Officer at ACI.  The allegations of Plaintiff's complaint, which are wide ranging[2] and in many instances unrelated to the named Defendants, are as set forth herein. Plaintiff is a veteran of the United States armed forces who claims to have a ten percent disability rating as a result of a back injury and a skin condition and to have been treated for depression as a result of his condition (doc. 1 at 8).  He alleges that the medications he was prescribed before his incarceration allowed him to work and function.  He also claims that he has been diagnosed with high cholesterol, was hospitalized for acute kidney failure several times during a three-year period several years before his incarceration, and has no teeth (*id.* at 8–9).  Plaintiff states that he has filed grievances requesting new shoes and a "mechanical dental diet pass," each of which were returned without action by Corrections Sgt. Robert Ragan, and that since his incarceration in November of 2011 he has had problems securing a place on the "food service list" to receive the special diet he needs due to his lack of teeth (*id.* at 11, 15, 16).

Plaintiff reports that he is receiving anti-depressant medication, although he mentions that his medication has been changed from Zoloft to Wellbutrin (*id.* at 11).  Plaintiff states that on February 16, 2012, he learned he had been exposed to tuberculosis ("TB") and would receive

---

[2] Plaintiff is advised that if he chooses to refile this or file any other complaint, he must include only allegations related to the same basic incident or issue (as instructed on the complaint form).

Case No.: 5:12cv126/MMP/EMT

medication for nine months, and although he states that he received no other information or a mental health referral after receiving this "devastating news," he does not indicate that he requested same (*id.* at 11–12). He complains that he has not been given pain medication or muscle relaxers besides ibuprofen and naproxin, and he appears generally dissatisfied with the level of medical care and pain medication provided (*id.* at 12, 14, 15, 17). Plaintiff complains about a DOC policy requiring his mechanical diet to be renewed every thirty days, despite DOC's knowledge that it will take at least six months for an inmate to obtain new dentures and its awareness that he is denied a copy of grievances on the date he submits them (*id.* at 12). Plaintiff is dissatisfied with the grievance responses he has received with respect to his complaints about the food he is provided, he asserts he needs a more balanced diet to adequately fight the TB exposure, he claims he went almost two months without his cholesterol medication (although he has now received the medication) and that the commencement of the TB treatment was similarly delayed (*id.* at 13). Plaintiff complains that he was improperly given a work assignment, and forced to report to work in February and April of 2012, although the medical staff knows he is suffering from gout (*id.* at 14, 16). He has since received a restricted work pass, but he claims that he was verbally harassed by a staff member as being "worthless" after he received the pass (*id.* at 14). Plaintiff alleges that he has had problems with the "phone list" and his ability to make calls to his family (*id.* at 15, 16), and that he was unable to get a library pass that he wanted and has been prevented from supplementing the record in his criminal case (*id.* at 15, 17).

Plaintiff states that although he has had a complaint form since March 12, 2012, he delayed filing a complaint because he is in "fear for his life" due to the presence at ACI of three different groups that are part of the Ku Klux Klan and known for violence, even against white persons (doc. 1 at 16). He also claims that he has suffered deliberate indifference at the hands of various DOC staff members through the acts summarized above (*id.*). He states he has "been forced to make a life or death decision to go forward with this complaint being perfectly aware he has, and will continue to suffer unnecessary pain, gradual irreparable destruction of his body, continued nightmares of possible TB death, and constant fear of the notorious reputation ACI . . . has earned for violating inmates' civil, and human rights violations [sic]" (*id.* at 17). He suggests that due to ACI's notorious reputation and the "deliberate indifference to his serious medical conditions," DOC

Secretary Tucker and the Risk Management Department "exhibit a custom and practice of deliberate indifference to both serious medical conditions and constitutional rights" (*id.*). He also indicates that he has only named three defendants due to the "threat of imminent retaliation," and his desire not to endanger himself or his loved ones any further (*id.* at 18).

Plaintiff claims that Defendant Tucker, DOC Secretary, has violated his rights by, among other things: (1) failing to provide a method for the disabled Plaintiff to painlessly maneuver from his dorm to various areas of the prison compound; (2) failing to employ meaningful preventive measures to protect Plaintiff from exposure to tuberculosis TB; (3) failing to prevent alleged violations of Plaintiff's rights by other state actors; (4) failing to train employees in proper means of dealing with serious medical needs, including exposure to TB; (5) failing to provide proof of Plaintiff's attempts at redressing grievances; and (6) showing deliberate indifference to the effects Secretary Tucker's customs and practices have had on Plaintiff (*id.* at 19–20). ACI Warden Culpepper is alleged to have violated Plaintiff's constitutional rights by: (1) permitting a "custom and practice of deliberate indifference" to Plaintiff's First and Fourteenth Amendment rights and the provisions of the Americans with Disabilities Act; (2) failing to train and prevent state actors under his control from practicing law without a license, from superseding dietary policies of the DOC, and from failing to provide Plaintiff with proper medical care; and (3) failing to provide a method for the disabled Plaintiff to painlessly maneuver from his dorm to various areas of the prison compound (*id.* at 20–21). Dr. J. Alvarez, chief health officer at ACI, is alleged to have violated Plaintiff's constitutional rights by: (1) failing to promptly provide medically restrictive work passes; and (2) showing deliberate indifference to Plaintiff's medical needs by providing inadequate and/or delayed medical care (*id.* at 22). As relief, Plaintiff seeks an immediate injunction against retaliation from Defendants or their employees; transfer to a federal institution or a medical facility; nominal, compensatory and punitive damages; and a guarantee that Defendants will pay any expenses Plaintiff incurs as a result of his exposure to TB (*id.* at 23).

The court must determine based on the allegations set forth above, whether Plaintiff is under imminent danger of serious physical injury and, therefore, entitled to proceed in forma pauperis. Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, in <u>Brown</u>

v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979)[3]; McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing his complaint).

Case law pertaining to prisoners with disabilities and ongoing medical conditions is particularly relevant to the inquiry in the instant case. In Brown, the prisoner alleged that he had HIV and hepatitis but was prevented from continuing to take prescribed treatments. As a result, he suffered prolonged skin and scalp infections, severe pain in the eyes and vision problems, fatigue, and prolonged stomach pains and was at risk for "opportunistic infections, such as pneumonia, esophageal candidiasis, salmonella, and wasting syndrome." 387 F.3d at 1350. According to the Eleventh Circuit, "[v]iewed together, the afflictions of which [the plaintiff] currently complains, including his HIV and hepatitis, and the alleged danger of more serious afflictions if he is not treated constitute imminent danger of serious physical injury." *Id.* See also Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (applying exception in response to allegations that denial of medication for

---

[3] All cases from the former Fifth Circuit handed down by the close of business on September 30, 1981, are binding on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

Case No.: 5:12cv126/MMP/EMT

bipolar disorder, attention deficit hyperactivity disorder, and panic disorder caused prisoner to suffer heart palpitations, chest pains, labored breathing, choking sensations, and paralysis in his legs and back); Fuller v. Myers, 123 Fed. Appx. 365, 366–67 (10th Cir. 2005) (applying exception where prisoner suffered from breathing difficulties and other respiratory problems and had been under treatment of physician for this problem for more than twenty years, including the use of prescribed inhaler when ventilation system exacerbated his breathing difficulties and caused severe headaches and nose bleeds); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002) (holding that prisoner's alleged need of two additional dental extractions and resulting spreading infection in the mouth is sufficient imminent danger); Voth v. Lytle, No. CV 05-1360-KI, 2005 WL 3358909 at *1 (D. Or. Dec. 8, 2005) (imminent danger found where Plaintiff experienced severe pain and constant rectal bleeding for four months and believed something had ruptured in his lower stomach).  In some circumstances, allegations of severe pain can satisfy the imminent danger requirement.  *See* Perez v. Sullivan, No. 05-C-711-C, 2005 WL 3434395 at *1 (W.D. Wis. Dec. 13, 2005) (imminent danger found where Plaintiff alleged severe pain stemming from spinal arthritis and chronic nerve root damage for which a disk laminectomy had been recommended).

       Plaintiff's allegations in the instant complaint, as set forth above, do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under imminent danger of serious injury.  For example, the facts alleged by Plaintiff reveal that he is receiving anti-depressant medication, pain medication, and cholesterol medication.  Although Plaintiff may desire different pain medications and was previously denied cholesterol medication for a two-month period, neither his desire nor the previous, short-term denial of medication establish imminent danger of harm.  Likewise, Plaintiff has a restricted work pass, even though he may have been denied one in the past.  Additionally, Plaintiff's fear or anxiety regarding TB or the "notorious" reputation of ACI staff or inmate groups, the failure by ACI or DOC staff to prevent Plaintiff's past exposure to TB, the previous delay in starting Plaintiff's treatment for TB, or other similar allegations—in addition to being largely vague and conclusory—are wholly insufficient to establish that Plaintiff is under imminent danger of serious physical injury.  Therefore, Plaintiff cannot proceed in forma pauperis in this action.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time

he initiates the suit, and failure to do so warrants dismissal without prejudice.  Dupree, 284 F.3d at 1236; Vanderberg, 259 F.3d at 1324.

Accordingly, it is **ORDERED**:

Plaintiff's Motion for Leave to Proceed in forma pauperis (doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

1. That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

2. That all pending motions be **DENIED**.

At Pensacola, Florida, this 10th day of May 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**